IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY E. EALY, SR.,                    :

    Plaintiff,                      :

v.                                     :     Civil Action No. GLR-15-545

TOEY, et al.,                          :

    Defendants.                     :

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Defendant's, Maryland State Police Trooper First Class Christopher Toey, Motion to Dismiss or for Summary Judgment (ECF No. 17) and Motion to Strike Plaintiff's, Larry E. Ealy, Sr., First Amended Complaint (ECF No. 23). Also pending are Defendant's, City of Cumberland ("Cumberland"), Motion to Dismiss or in the Alternative, Motion for Summary Judgment (ECF No. 18) and Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 24). The Motions are ripe for disposition. Having considered the Motions and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons set forth below, the Court will grant Toey's Motions, grant Cumberland's first Motion to Dismiss, and deny Cumberland's second Motion to Dismiss as moot.

# I.   BACKGROUND[1]

On August 16, 2012, Ealy, a resident of Ohio, and his companion were driving in a 2012 GMC Cheyenne along Route 68, a Maryland State highway.  That day, Toey, a Maryland State Police officer, was conducting traffic enforcement in Allegany County, Maryland in a marked police vehicle on Route 68.  Toey's vehicle was equipped with a license plate scanner that issued alerts when a vehicle associated with a scanned license plate has been reported stolen.

At or around 10:48 a.m., Toey received an alert regarding a stolen vehicle matching the vehicle description of and license plates on Ealy's car.  Toey initiated a traffic stop.  During the stop, Toey also confirmed that Ealy's driver's license was suspended.  Toey placed Ealy and his companion under arrest and transported them to the Maryland State Police Barracks in Cumberland, Maryland for processing.  Ealy was charged with unlawful taking of a motor vehicle, driving without a license, and driving with a suspended license.  After being held on $5,000 bail, Ealy was sent to the Allegany County Detention Center in Cumberland, where he was strip searched.

Ealy was held in the detention center from August 18, 2012 until October 23, 2012, when the unlawful taking of a vehicle

---

[1] Unless otherwise noted, the following facts are taken from the parties' briefings on the instant Motions, and are viewed in the light most favorable to the nonmoving party.

charge against him was nol-prossed.   See State of Maryland v. Ealy, No. 3W00062569 (D.Ct. Allegany Cty. Oct. 23, 2012).   As to the charge for driving without a license, the District Court for Allegany County found Ealy guilty and sentenced him to sixty days of incarceration, but credited him for time served in the detention center.   State of Maryland v. Ealy, No. 01K12014812 (Cir.Ct. Allegany Cty. Feb. 8, 2013).   On appeal to the Circuit Court for Allegany County, Ealy's license-related charges were nol-prossed on February 8 and June 24, 2013.   Id.

On February 4, 2015, Ealy filed a Complaint in this Court regarding his arrest and detention, alleging violations of the United States Constitution under 42 U.S.C. §§ 1983 and 1985(3) (2012) (Counts 2–5) and the Maryland Declaration of Rights (Count 6); false arrest (Count 1); malicious prosecution (Count 5); and intentional infliction of emotional distress (Counts 7–9).   (ECF No. 1).   Plaintiff invokes this Court's federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 (2012), respectively.

On May 27, 2015, Toey and Cumberland filed Motions to Dismiss or for Summary Judgment.   (ECF Nos. 17, 18).   On July 29, 2015, rather than oppose the Motions, Ealy filed an untimely First Amended Complaint without seeking the Court's leave in an apparent attempt to address the Defendants' arguments in their Motions.   (ECF No. 22).   On August 11, 2015, Toey filed a Motion

3

to Strike the First Amended Complaint (ECF No. 23).   On August
19, 2015, Cumberland filed a Motion to Dismiss the First Amended
Complaint.  (ECF No. 24).   On October 6, 2015, the Court granted
Ealy an extension of time to file responses to the pending
Motions to Dismiss or for Summary Judgment.   To date, however,
the Court has no record that Ealy has filed responses to the
Motions.   The Court will deem the Motions unopposed.

## II.   DISCUSSION

### A. Motion to Strike First Amended Complaint

#### 1. Standard of Review

A "court may strike from a pleading an insufficient defense
or any redundant, immaterial, impertinent, or scandalous
matter."   Fed.R.Civ.P. 12(f).   "[Federal Rule of Civil
Procedure] 12(f) motions are generally viewed with disfavor
'because striking a portion of a pleading is a drastic remedy
and because it is often sought by the movant simply as a
dilatory tactic.'"  Waste Mgmt. Holdings, Inc. v. Gilmore, 252
F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright &
Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d
ed. 1990)).   "[F]ederal courts generally require the moving
party to establish that the materials to be struck prejudice the
moving party in some way."  Asher & Simons, P.A. v. j2 Glob.
Can., Inc., 965 F.Supp.2d 701, 705 (D.Md. 2013) (citing 5C
Wright & Miller, supra, § 1381 n.34).

Toey argues the First Amended Complaint should be stricken because Ealy failed to seek leave from the Court to amend his Complaint pursuant to Rule 15(a)(2).   Rule 15(a) states, however, the court should freely give leave to amend when justice so requires.   "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."   Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).   According to the United States Court of Appeals for the Fourth Circuit, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."   Id. (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'"   Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).   The Rule 12(b)(6) standard, therefore, governs futility arguments.   Sherwin-Williams Co. v. Coach Works Auto Collision

Repair Ctr., Inc., No. WMN-07-CV-2918, 2010 WL 889543, at *2 (D.Md. Mar. 4, 2010) (citing Openshaw v. Cohen, Klingenstein & Marks, Inc., 320 F.Supp.2d 357, 359 (D.Md. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Toey argues Ealy's First Amended Complaint is futile because the amendments do not cure the substantive defects of the original Complaint. The Court agrees. The First Amended Complaint does not include any additional factual allegations,

6

but adds defendants and claims for violations of the Federal Tort Claims Act and 42 U.S.C. § 14141, and a "Bivens Action."

### 2. Newly-Added Defendants

In the First Amended Complaint, Ealy adds Maryland Governor Larry Hogan, Lieutenant Governor Boyd K. Rutherford, "State Representatives," Attorney General of Maryland Brian E. Frosh, and the State of Maryland as Defendants (the "State Defendants") without including any additional factual allegations to support his claims against them.

Further, under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain actions brought in state courts, see Md.Code Ann., State Gov't § 12-104(a) (West 2015), it has not waived its immunity under the Eleventh Amendment to suit in federal court, see id. § 12-103(2). Also, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). The Court, therefore, finds

the State Defendants are protected from Ealy's claims. Accordingly, Ealy's claims against the State Defendants are futile.

Additionally, Ealy does not include Cumberland, but adds Allegany County, as a Defendant in the First Amended Complaint. The Court will, therefore, construe Ealy's First Amended Complaint as an attempt to replace Cumberland with Allegany County as a Defendant. Construing the First Amended Complaint liberally, Ealy also attempts to allege federal constitutional claims against Allegany County under 42 U.S.C. § 1983.

Section 1983 provides, in pertinent part: "Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Id. Municipalities are considered persons under § 1983 and may be sued for damages for constitutional deprivations. Monell v. N.Y. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Such deprivations, however, must be attributable to a municipal policy or custom. Id. at 690-91. Ealy, however, has not alleged the existence of a municipal policy or custom implemented by Allegany County that has violated his federal

8

constitutional rights.  Thus, Ealy has failed to allege a § 1983 claim against Allegany County.

Similarly, Ealy attempts to allege a class-based discrimination claim under § 1985(3) against Allegany County for denying poor or lower-class individuals equal protection under the law with its bail system.  "To recover under § 1985(3), a plaintiff must establish the existence of a conspiracy and show 'some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  C & H Co. v. Richardson, 78 F.App'x 894, 901-02 (4th Cir. 2003) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). Ealy states Allegany County denied him equal protection due to his economic status, not due to his race.

Claims under § 1985(3) cannot be based on a plaintiff's membership in a particular economic class.  United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 837-38 (1983) ("[W]e find no convincing support in the legislative history for the proposition that [§ 1985(3)] was intended to reach conspiracies motivated by bias towards others on account of their economic views, status, or activities. . . . We thus cannot construe § 1985(3) to reach conspiracies motivated by economic or commercial animus.").  Thus, Ealy has not sufficiently alleged a § 1985(3) claim.  The Court,

therefore, finds that Ealy's federal constitutional claims against Allegany County are futile.

Additionally, Ealy attempts to allege claims for violations of his rights under Articles 24 and 26 of the Maryland Declaration of Rights regarding his arrest by Toey and his detention and strip search at the Allegany County Detention Center.[2] "Articles 24 and 26 of the Maryland Declaration of Rights are the state counterparts to the Due Process Clause and the Fourth Amendment of the United States Constitution, respectively." Kashaka v. Balt. Cty., 450 F.Supp.2d 610, 618 (D.Md. 2006). Supreme Court interpretations of the Fourth and Fourteenth Amendments function as authority for interpretation of Articles 24 and 26. See Johnson v. Maryland, No. AW-09-2594, 2010 WL 1980094, at *5 (D.Md. May 13, 2010) (quoting Pitsenberger v. Pitsenberger, 410 A.2d 1052, 1056 (Md. 1980)).

"Local government entities have respondeat superior liability for violations of the Maryland Declaration of Rights that were committed by the entity's agents and employees acting within the scope of their employment." Kashaka, 450 F.Supp.2d at 618 (citing DiPino v. Davis, 729 A.2d 354, 372 (Md. 1999)). Because Ealy does not allege that Toey is an employee of

---

[2] Ealy also attempts to allege false arrest, malicious prosecution, and intentional infliction of emotional distress claims against Allegany County.

Allegany County, Ealy cannot bring state law claims against Allegany County regarding the arrest.

As to his detention and strip search, Ealy cannot bring his claims against Allegany County because a municipality is entitled to immunity when it performs "governmental, as opposed to propriety functions." Gray-Hopkins v. Prince George's Cty., 309 F.3d 224, 232 (4th Cir. 2002); see also Dotson v. Chester, 937 F.2d 920, 928 (4th Cir. 1991) (implying the operation of a county jail is a governmental function).   Maryland has not waived this immunity for municipalities.   See Md.Code Ann., Cts.& Jud.Proc. § 5-303(d) (West 2016); Clark v. Prince George's Cty., 65 A.3d 785, 791 (Md.Ct.Spec.App. 2013) ("[T]he Local Government Tort Claims Act of the Courts and Judicial Proceedings Article, does not specifically waive immunity for common law tort claims against a County or municipality in its own capacity, for governmental actions.").

"Thus, any state law tort claim would have to proceed against individual County employees, not the County itself." Paulone v. City of Frederick, 787 F.Supp.2d 360, 378 (D.Md. 2011); see Kashaka, 450 F.Supp.2d at 619 (finding county could not be held vicariously liable for violations of Articles 24 and 26 because plaintiff failed to identify individual county employees).   Ealy, however, has not named any individual Allegany County employees as defendants.   The Court, therefore,

finds that Ealy's state law claims against Allegany County are futile.

### 3. Newly-Added Claims

In the First Amended Complaint, Ealy also adds claims for violations of the Federal Tort Claims Act and 42 U.S.C. § 14141, and a "Bivens Action." First, the Federal Tort Claims Act, 28 U.S.C. § 2674, applies to the federal government, not state and local governments. Second, 42 U.S.C. § 14141 "permits the Attorney General of the United States to bring constitutional tort claims against government officials or employees with responsibility for administration of juvenile justice or incarceration of juveniles." Awah v. Bd. of Educ. of Balt. Cty., No. WMN-09-CV-1044, 2010 WL 1929908, at *2 (D.Md. May 11, 2010). Section 14141 does not provide a private right of action. Id.

Third, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980) (emphasis added). Ealy, however, does not allege a claim against a federal agent. Because Ealy's added claims cannot be asserted against the named Defendants in this matter, the Court finds that they are futile and will be

12

striken.[3]   As such, the Court will grant the Motion to Strike the First Amended Complaint.[4]

**B. Motions to Dismiss or, Alternatively, for Summary Judgment**

    **1. Standard of Review**

As stated above, to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)). Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor.

---

[3] Ealy also attempts to add a claim under the "1871 Force Act," which is also known as the Civil Rights Act of 1871, 17 Stat. 13, where 42 U.S.C. § 1983 derived. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 203 (1970). In essence, the Civil Rights Act of 1871 is surviving in § 1983. Id. 205-06. Because Ealy has already brought a claim under § 1983 in his original Complaint, the Court finds the added 1871 Force Act claim to be redundant and will strike it.

[4] Because the Court will strike the First Amended Complaint, Cumberland's Motion to Dismiss the First Amended Complaint will be denied as moot.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes, 398 U.S. at 158-59). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. Here, because the Court will consider matters outside of the pleading, the Motions to Dismiss will be construed as motions for summary judgment.

14

**2. Cumberland's Motion**

The Court will grant Cumberland's Motion.  Ealy attempts to bring several claims against Cumberland under federal and Maryland common law for Toey's allegedly improper actions. Toey, however, is not an employee of Cumberland.  (Leake Aff. ¶ 3, ECF No. 18-2).  Ealy fails to demonstrate any claims against Cumberland.  The Court, therefore, finds that Cumberland is entitled to judgment as a matter of law and will grant its Motion.

**3. Toey's Motion**

**a.  Federal Constitutional Claims**

The Court finds Toey cannot be held liable for violating Ealy's federal constitutional rights.

In Counts 2, 3, 4, and 5 of the Complaint, Ealy attempts to assert claims against Toey under 42 U.S.C. § 1983 for violations of his constitutional rights.[5]  Liberally construing the Complaint, Ealy alleges he was arrested without probable cause in violation of the Fourth Amendment.  Toey argues he did not

---

[5] The Court will dismiss the federal constitutional claims against Toey in his official capacity as an employee of the State of Maryland.  Md.Code Ann., State Gov't § 12-103(2); Will, 491 U.S. at 71 (citing Brandon, 469 U.S. at 471); supra page 7-8.  Further, the Court will dismiss Count 3, in which Ealy asserts his federal constitutional rights were violated during a strip search at the Allegany County Detention Center, because Ealy has not demonstrated that Toey conducted the strip search.  (Toey Decl., ECF No. 17-2).

violate Ealy's constitutional rights because the arrest was supported by probable cause.

Arrests are illegal when probable cause did not exist at the time of the arrest. <u>United States v. McCraw</u>, 920 F.2d 224, 227 (4th Cir. 1990). Probable cause exists where "the facts and circumstances within the [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." <u>Id.</u> (quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964)). Examining the events preceding the arrest, the court must decide whether the facts amount to probable cause when viewed from the perspective of an objectively reasonable police officer. <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003). A finding of probable cause would eliminate Ealy's claims regarding his arrest because "there is no cause of action for 'false arrest' under Section 1983 unless the arresting officer lacked probable cause." <u>Claiborne v. Cahalen</u>, 636 F.Supp. 1271, 1277 (D.Md. 1986) (quoting <u>Street v. Surdyka</u>, 492 F.2d 368, 372–73 (4th Cir. 1974)).

Toey received an alert stating that Ealy was driving a stolen vehicle in violation of § 7-105 of the Criminal Law Article of the Maryland Code—a felony. Md.Code Ann., Crim.Law § 7-105(c)(1) (West 2015). Toey then initiated a traffic stop and confirmed Ealy was also driving with a suspended license.

At that point, Toey placed Ealy under arrest.  These undisputed facts amount to probable cause for Ealy's arrest.[6]  The Court, therefore, Toey has demonstrated that the arrest did not violate Ealy's constitutional rights.[7]  As such, the Court finds Toey is entitled to judgment as a matter of law and will grant Toey's Motion as to Ealy's § 1983 claims.[8]

### b. Maryland State Law Claims

The Court finds that Toey is entitled to statutory immunity from Ealy's state law claims.

In Count 6, Ealy attempts to allege claims for violations of his rights under the Maryland Declaration of Rights, stating Toey arrested him without probable cause and detained him without due process.  Also, in Counts 1, 5, 7, 8, and 9, Ealy

---

[6] To the extent Ealy asserts the charges against him were nullified because they were nol-prossed, that argument does not support his Fourth Amendment claim because "a nolle prosequi does not automatically provide evidence of lack of probable cause." Palmer v. Griffith, No. JKB-15-1586, 2015 WL 6152282, at *3 (D.Md. Oct. 16, 2015).

[7] Ealy also alleges that he was arrested and detained without due process of law, in violation of the Fifth and Fourteenth Amendments.  "These claims are merely other ways of pleading 'false arrest' under Section 1983," and because probable cause existed for Ealy's arrest, Toey is entitled to summary judgment on these claims as well. Claiborne, 636 F.Supp. at 1277 (citing Street, 492 F.2d at 372).

[8] Because the Court finds Ealy has failed to demonstrate a federal constitutional violation, the Court will not address Toey's qualified immunity argument. Meyers v. Balt. Cty., 981 F.Supp.2d 422, 429 (D.Md. 2013) ("Qualified immunity extends to protect officials 'who commit constitutional violations . . . .'" (quoting Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013))).

attempts to allege claims for false arrest, malicious prosecution, and intentional infliction of emotional distress. Toey argues he is entitled to statutory immunity from Ealy's state law claims under the Maryland Tort Claims Act ("MTCA"), Md.Code Ann., State Gov't, §§ 12-101 et seq. (West 2015).

Section 5-522 of the Courts and Judicial Proceedings Article of the Maryland Code provides that state personnel are immune from suit and from liability for tortious conduct committed within the scope of their public duties and without malice or gross negligence. "The 'MTCA does not distinguish between constitutional torts and common law torts.'" McDaniel v. Arnold, 898 F.Supp.2d 809, 849 (D.Md. 2012) (quoting Newell v. Runnels, 967 A.2d 729, 766 n.28 (Md. 2009)); accord Lee v. Cline, 863 A.2d 297, 310 (Md. 2004) ("[W]e hold that the immunity under the [MTCA], if otherwise applicable, encompasses constitutional torts and intentional torts.").

"Under Maryland law, the malice necessary to defeat immunity under section 5-522 is what is often referred to as 'actual malice'—that is, conduct 'motivated by ill will, by an improper motive, or by an affirmative intent to injure.'" Young v. City of Mount Ranier, 238 F.3d 567, 578 (4th Cir. 2001) (quoting Shoemaker v. Smith, 725 A.2d 549, 560 (Md. 1999)). Gross negligence occurs when the defendant acts "with wanton or reckless disregard for the safety of others." Id. (quoting

18

Boyer v. State, 594 A.2d 121, 132 (Md. 1991)).

Actual malice cannot be inferred from allegations of a lack of probable cause, but it "'can be inferred from an arrest that was so lacking in probable cause and legal justification as to render [the arresting officer's] stated belief in its existence unreasonable and lacking in credibility,' when all of the facts are considered in context." McDaniel, 898 F.Supp.2d at 850 (quoting Thacker v. City of Hyattsville, 762 A.2d 172, 193–94 (Md.Ct.Spec.App. 2000)); accord DiPino v. Davis, 729 A.2d 354, 374 (Md. 1999)). Also, mere allegations of negligence are insufficient to establish actual malice or gross negligence. Young, 238 F.3d at 579.

Construing the Complaint liberally, Ealy alleges Toey maliciously and negligently arrested him without probable cause. Toey demonstrates that he had probable cause to believe that Ealy was committing a felony—i.e., driving a stolen vehicle— and placed Ealy under arrest. Though the charges against Ealy were later nol-prossed, Ealy has not presented any evidence to demonstrate that the entry of nolle prosequi constitutes an absence of probable cause. See Hines v. French, 852 A.2d 1047, 1058 (Md. 2004) ("The effect of the entry of a nol pros, however, is not crystalline and 'the court must look at the circumstances surrounding the State's decision so as to determine whether there was an absence of probable cause.'"

19

(quoting <u>Allen v. Bethlehem Steel Corp.</u>, 547 A.2d 1105, 1110 (Md.Ct.Spec.App. 1988))).   Furthermore, Ealy has not presented any facts to give rise to an inference of gross negligence or actual malice.   The Court, therefore, finds Toey is protected by section 5-522 from the state law claims asserted against him and entitled to judgment as a matter of law.   Accordingly, the Court will grant Toey's Motion as to the state constitutional and common law claims.[9]

### III.   CONCLUSION

For the foregoing reasons, Toey's Motions (ECF Nos. 17, 23) are GRANTED, Cumberland's first Motion to Dismiss (ECF No. 18) is GRANTED, and Cumberland's second Motion to Dismiss (ECF No. 24) is DENIED AS MOOT.   The First Amended Complaint (ECF No. 22) is STRICKEN.   The Complaint (ECF No. 1) is DISMISSED.   The Clerk will be directed to CLOSE this case. A separate Order follows.

Entered this 18th day of March, 2016

/s/

_____

George L. Russell, III
United States District Judge

---

[9] The Court notes that qualified immunity is not a defense to claims brought under the Maryland Declaration of Rights. <u>Wallace v. Poulos</u>, No. DKC 2008-0251, 2009 WL 3216622, at *15 (D.Md. Sept. 29, 2009) (citing <u>Okwa v. Harper</u>, 757 A.2d 118 (Md. 2000)).